USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/26/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

KEITH PURVIS,

               Defendant.

12-Cr-712 (SHS)

ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

    On June 10, 2014, this Court sentenced defendant Keith Purvis to 120 months' incarceration after he pleaded guilty to one count of conspiracy to distribute a detectable amount of cocaine base in violation of 21 U.S.C. § 846. (J., ECF No. 478.) He is currently serving his sentence at the medium-security Federal Correctional Institution in Allenwood, Pennsylvania ("FCI Allenwood Medium") and is scheduled to be released on September 12, 2021. (See Def.'s Mot. at 1, ECF No. 691.) Purvis now moves for a sentence reduction under the compassionate-release statute, 18 U.S.C. § 3582(c)(1)(A), which permits a district court to reduce a sentence of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A).

    A compassionate-release motion may be filed only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." *Id.* § 3582(c)(1)(A). Here, Purvis submitted a request to the warden of FCI Allenwood Medium on May 14, 2020. (Def's Mot. 4.) Thus, he has exhausted his administrative remedies and may file a compassionate-release motion with this Court.

    In his motion, Purvis argues that he "suffers from hyperlipidemia and hypertension," conditions that may present a severe risk in light of the ongoing COVID-19 pandemic. (*Id.* at 2.) This Court and others have recognized that the risk of severe COVID-19 illness presented by hypertension can, in some cases, constitute an extraordinary and compelling reason for a sentence reduction. *E.g., United States v. Phillips*, No. 94-Cr-631, 2020 WL 4742908, at *3 (S.D.N.Y. June 30, 2020); *United States v. Roman*, No. 19 CR. 116, 2020 WL 1908665, at *2 (S.D.N.Y. Mar. 27, 2020). Still, it is worth noting that Purvis does not fall within a high-risk age group for severe COVID-19 illness. *Cf. Older Adults*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last updated Aug. 16, 2020). By the same token, the latest information from FCI Allenwood Medium does not suggest a high risk of COVID-19 infection. The Bureau of Prisons currently reports no active cases among inmates at

FCI Allenwood Medium and simply three active cases among prison staff. *See BOP: COVID-19 Update*, Fed. Bureau Prisons https://www.bop.gov/coronavirus/ (last updated Aug. 25, 2020).

Ultimately, however, the Court need not determine whether extraordinary and compelling reasons exist here for a sentence reduction, because even if such reasons existed, the Court cannot find that "the factors set forth in section 3553(a)" favor a reduction. 18 U.S.C. § 3582(c)(1)(A). Purvis's conduct was undoubtedly serious. He participated in a massive drug-trafficking organization that distributed millions of dollars of crack and powder cocaine throughout New York City, helping to distribute multiple kilograms of cocaine to street-level dealers. (*See* PSR ¶¶ 31, 33.) In fact, this Court has already denied compassionate release for three of his coconspirators. *See United States v. Ruben Davis*, No. 12-Cr-712, 2020 WL 3790562, at *5 (S.D.N.Y. July 7, 2020); *United States v. Marquez*, No. 12-Cr-712, 2020 WL 4016840, at *2 (S.D.N.Y. July 16, 2020); *United States v. Shundu Davis*, No. 12-Cr-712, 2020 WL 4573029 (S.D.N.Y. Aug. 7, 2020).

What is more, before his conduct in this case, Purvis had already amassed a substantial criminal history with numerous drug-related convictions in New York state court. (*See* PSR ¶¶ 63–100.) Indeed, Purvis was on parole at the time he committed his crime. (*See id.* ¶ 98.) Finally, it bears emphasis that the sentence imposed by this Court, 120 months' incarceration, was a substantial downward variance from the Sentencing Guidelines range of 151 to 188 months. (*See id.* ¶ 13.) Given the seriousness of Purvis's conduct and his lengthy criminal history, Court cannot conclude that the section 3553(a) factors support a reduction of Purvis's below-Guidelines sentence.

For the reasons set forth above, the Court finds that the section 3553(a) sentencing factors do not favor a sentence reduction. Accordingly, IT IS HEREBY ORDERED that Purvis's motion for a sentence reduction is denied.

Dated: New York, New York
      August 26, 2020

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.